Michael CLAY *v.* STATE of Arkansas

CR 93-1262                                   866 S.W.2d 413

Supreme Court of Arkansas
Opinion delivered December 20, 1993

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

PER CURIAM. Michael Clay was found guilty in 1991 of capital murder and sentenced to life imprisonment without parole. Judgment was entered August 16, 1991. On September 3, 1991, the public defender, Thomas Montgomery, filed a notice of appeal. The trial court, also on September 3, 1991, entered an order substituting Davis Loftin as appointed counsel to represent the convicted defendant in the appeal.

The record was not tendered to this court, and in 1993 appellant sought to file a *pro se* motion for belated appeal pursuant to Criminal Procedure Rule 36.9. Appellant did not state in the tendered motion that a notice of appeal had been timely filed or provide a record of the lower court proceedings from which it could be determined that the notice had been filed. Because Rule 36.9 provides that this court shall not entertain a motion for belated appeal unless application has been made within eighteen

months of the date of entry of judgment, the motion was returned as untimely.

Appellant subsequently proceeded in the United States District Court for the Eastern District of Arkansas on a petition for writ of habeas corpus, contending that he had not been afforded effective assistance of counsel with respect to the unperfected appeal. The magistrate entered an order November 18, 1993, directing that counsel be appointed and an appeal permitted. The State in response to that order has filed the motion for belated appeal now before us.

We grant the motion and appoint Terri Harris to serve as appellate counsel. Counsel is directed to file within thirty days a petition for writ of certiorari to bring up the entire record, or that portion of the record, necessary to the appeal of a judgment for capital murder for which a life sentence was imposed.

The trial court is directed to hold an evidentiary hearing to determine why the appeal was not perfected in accordance with the prevailing rules of procedure. The court's Findings of Fact shall be filed in this court with the record of the evidentiary hearing within forty-five days.

Motion granted.